United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jean Oscar, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 19-22072-Civ-Scola |
| | ) |
| United States Of America, Respondent. | ) |

## Opinion Order Striking Frivolous and Vexatious Filings and Entering Pre-Filing Injunction

This matter is before the Court on an independent review of the record. On May 21, 2019, the Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On June 25, 2019, the Petitioner filed a motion to expedite the relief sought in his petition. (ECF No. 5.) This is the third time that the Petitioner seeks relief from this Court. *See* Case No. 18-cv-21368-RNS and 19-cv-20343-RNS. The Petitioner was also designated as a restricted filer after filing a series of frivolous motions in Case No. 18-cv-21368. (ECF No. 49.) As shown by the docket in this case and Mr. Oscar's latest motion, his vexatious and frivolous filings have continued despite previous admonishments by the Court.

The inherent authority of a district court includes the power to protect itself against abuses by *pro se* litigants, like the Petitioner here. *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (recognizing the same under the All Writs Act, 28 U.S.C. § 1651). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* (citation omitted). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* In the exercise of this responsibility, a district court possesses "considerable discretion" to issue appropriately-tailored injunctive orders curtailing the activities of recalcitrant litigants when necessary. *See id.* at 1075. These include: "enjoin[ing] prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances," and "direct[ing] the litigant to seek leave of court before filing pleadings in any new or pending lawsuit." *Id.* at 1072. "The only limitation on [a] district court's discretion to enjoin abusive litigation is that [a] court is not permitted to completely bar all access to the court." *Campbell v. Jones*, No. 98-civ-02088,

2017 WL 8751916, at *4 (S.D. Fla. Nov. 20, 2017) (White, Mag. J) (citing *Riccard*, 307 F.3d at 1295 n.15).

The Petitioner has ignored the Court's previous warning that future frivolous filings would result in the Court restricting his ability to file papers in this case. An appropriately-tailored pre-filing injunction is therefore in order.

It is therefore **ordered and adjudged**:

(1) The Court **strikes** Docket Entry 24.

(2) Jean Oscar is **enjoined** and prohibited from filing any future documents in this case (No. 19-22072-Civ-Scola, Southern District of Florida), without first requesting and obtaining leave of Court.

(3) In any future motions for leave, described in paragraph (2), Jean Oscar:

   a. shall not exceed two pages,

   b. shall attach the proposed filing,

   c. shall explain why the proposed filing is not frivolous,

   d. shall explain why the proposed filing is not an attack on any previous order entered by this Court or the Magistrate Judge, and

   e. shall certify, by affidavit and under the penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court.

(4) Failure to comply with any of the requirements in paragraphs (2) or (3) will result in the striking of that filing without further notice.

The Petitioner is forewarned that if he abuses even these restricted filing privileges, the Court will impose greater sanctions, which may include a finding of contempt of court. The **Clerk** is directed to **mail** this order to the Petitioner at the address listed below.

**Done and ordered**, in chambers, in Miami, Florida on June 2, 2022

Robert N. Scola, Jr.
United States District Judge

*Copy to*: Jean Oscar #01796-104 Coleman II-USP United States Penitentiary Inmate Mail/Parcels Post Office Box 1034 Coleman, FL 33521